**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

COKeM INTERNATIONAL LTD.,

                              Plaintiff,              Civil No. 19-3114 (JRT/HB)

v.

                                              **MEMORANDUM OPINION AND ORDER**
MSI ENTERTAINMENT, LLC, MOSES              **DENYING MOTION FOR SUMMARY**
SUTTON a/k/a MORRIS SUTTON, AND            **JUDGMENT AND MOTION FOR RULE 11**
JOSEPH FAHAM,                              **SANCTIONS AND GRANTING MOTION**
                                           **FOR RELIEF REQUESTED UNDER RULE 37**

                              Defendants.

> Gerald H. Fornwald, Matthew C. Robinson, and Peter G. Economou,
> **WINTHROP & WEINSTINE, PA**, 225 South Sixth Street, Suite 3500,
> Minneapolis, MN 55402, for plaintiff.
>
> Aaron R. Thom and Samantha J. Ellingson, **THOM ELLINGSON, PLLP**, 825
> Nicollet Mall, Suite 950, Minneapolis, MN 55402, for defendant Joseph
> Faham.
>
> MSI Entertainment LLC, 1222 Avenue M, Suite 602, Brooklyn, NY 11230, *pro
> se* defendant.
>
> Morris Sutton, 2157 Ocean Parkway, Brooklyn, NY 11223, *pro se* defendant.

Plaintiff COKeM International Ltd. ("COKeM") commenced this action against

Defendants MSI Entertainment, LLC ("MSI"), Moses Sutton (A/K/A Morris Sutton), and

Joseph Faham asserting a total of five claims. Four claims—breach of contract, account

stated, unjust enrichment, and conversion—were asserted solely against MSI, and

COKeM's fifth claim—fraud—was asserted against all defendants.

Defendant Faham has now moved for Summary Judgment and for Rule 11 Sanctions. Plaintiff COKeM has moved for an Order to Show Cause as to Defendant Sutton. Defendant Faham has also moved for summary judgment as to the fraud claim against him and also moves for sanctions due to COKeM's continued pursuit of the claim.

COKeM seeks an order directing Sutton to explain why he should not be held in contempt for failing to comply with the Court's discovery orders. COKeM also requested that the Court impose monetary sanctions for past and future discovery misconduct and grant attorney fees and costs incurred for prosecuting both its Motion to Compel and Motion for Order to Show Cause. COKeM's Motion to Show Cause was granted, as was its request for attorney's fees and costs related to its previous Motion to Compel. The Court held a hearing to consider Sutton's explanation for not adhering to the Court's orders and to further address COKeM's request for sanctions and costs incurred by bringing the Motion for an Order to Show Cause. Sutton failed to appear at the hearing.

The Court will deny Faham's Motions for Summary Judgment and Sanctions because Faham has not demonstrated that he is entitled to judgment as a matter of law under the independent duty test and because COKeM's claim is not frivolous or unwarranted by existing law.

The Court will also find Sutton in contempt for violating the Court's orders and award COKeM its costs and fees in connection with its Motion for an Order to Show Cause. The Court will further prohibit Sutton from relying on defenses or evidence that are not

-2-

supported or disclosed in timely discovery responses under this Order, but will decline to impose monetary sanctions for past or future misconduct at this time.

## BACKGROUND

### I.   COKeM and MSI's BUSINESS RELATIONSHIP

COKeM and MSI's business relationship consisted of COKeM purchasing products from MSI that it then distributed to retailers for further resale to consumers.  (Notice of Removal, Ex. A (Compl.) ¶ 8, Dec. 18, 2019, Docket No. 1.)  Sutton is the sole member of MSI, and Faham was an employee of MSI. (*Id*. ¶¶ 3, 5.)

The terms and conditions governing the parties' business relationship were stated in a Distribution Agreement (the "Agreement") whose terms are not directly relevant to the pending motions.  (*Id*. ¶ 9.)  During the course of their business relationship, COKeM and MSI amended the Agreement in multiple ways such as adding various Product Specific Agreements.  (*Id*. ¶ 10.)

COKeM alleges in its Complaint that MSI repeatedly and materially failed to fully perform under the Agreement and the Product Specific Agreements by failing to deliver purchased products, reimburse or refund royalty advances, pay for profit sharing, and deliver conforming products.  (*E.g.*, *id*. ¶¶ 13, 15.)  COKeM also alleges that MSI, through Faham and Sutton, made repeated material fraudulent misrepresentations regarding the state of the products that were paid for and the capabilities and actions of MSI with respect to those products for the purpose of inducing COKeM into paying $273,102 for

goods that were never delivered. (*Id*. ¶¶ 24-34, 62-70.) For example, COKeM alleges that Faham provided a delivery schedule representing MSI's ability to timely deliver the products in full. (*Id*. ¶ 26.) COKeM further alleges that at the time the delivery schedule was made and Faham represented that MSI had the ability to deliver, both Faham and MSI knew that MSI was incapable of delivering. (*Id*. ¶ 27.)

COKeM contends that Defendants knew that the products had not and would not be sent and made such representations in order to induce COKeM into sending MSI additional money. (*Id.* ¶ 32.) COKeM alleges that it relied on these representations and paid an additional total of $191,171 beyond a $81,931 deposit for products that were never delivered. (*Id*. ¶¶ 24, 33.) COKeM thus contends that it paid MSI a total of $273,102 for the undelivered products.

The Parties ceased conducting business in mid-2018 and, following termination of their business arrangement, MSI acknowledged in writing that it owed COKeM money. (*Id*. ¶¶ 35-36.)

COKeM seeks a total of $807,547. (*Id*. ¶¶ 37-38.) This amount represents $354,910 for unreimbursed royalty advances, $32,500 for unpaid profit sharing, $104,057 for various charges, $88,932 for non-refunded products, and $273,102 for the undelivered orders less a $45,954 payment already remitted by MSI to COKeM. (*Id*.) COKeM also seeks $191,171 of the $273,102 for the undelivered orders against all defendants collectively under Count V for Fraud. (*Id*. ¶ 68.)

## II.   SUTTON'S FAILURE TO COMPLY WITH THE COURTS' ORDERS

The facts relevant to the hearing to show cause and COKeM's request for sanctions and costs related to its Motion for an Order to Show Cause were certified to this Court by the Magistrate Judge.  (Order Granting Mot. Show Cause & Certifying Facts ("Show Cause Order"), Sept. 10, 2021, Docket No. 117.)  The Court adopts in full the certified facts and briefly summarizes these facts.

COKeM timely served its Interrogatories and Requests for Production on Sutton on April 30, 2021.  (*Id*. at 4.)  COKeM brought a Motion to Compel after Sutton's responses were late and deficient.  (*Id*.; Pl.'s Mot. Compel, June 10, 2021, Docket No. 95.)  Sutton did not file a written response but did orally present his argument during the Court's scheduled hearing.  (Show Cause Order at 4.)  The Magistrate Judge then granted COKeM's motion and entered an order setting forth in detail Sutton's obligations.  (*Id.;* Order Granting in Part Mot. Compel., June 30, 2021, Docket No. 107.)  Sutton chose to forgo his obligations and based his lack of compliance on his belief that COKeM was not entitled to the information it was seeking.  (Amend. Order Granting Mot. Show Cause & Certifying Facts at 7, Sept. 13, 2021, Docket No. 119.)  Sutton was warned that sanctions could be imposed, including the potential that certain evidence could be excluded and/or claims or defenses disallowed, if he continued to ignore the Court's previous order regarding his discovery obligations.  (*Id*. at 8)

In short, Sutton refused to work with COKeM in good-faith to produce documents and has not complied with the Court's directives. Sutton has not produced the documents the Court ordered him to produce, has not provided the information ordered by the Court regarding both his and MSI's financial information, and has not cooperated with COKeM's counsel regarding searches for electronically stored information. (*Id*. at 7–9.)

COKeM subsequently filed a Motion for an Order to Show Cause which the Court granted. Continuing his prior patterns, Sutton did not file a response to COKeM's Motion nor attend the scheduled hearing during which Sutton was directed to explain why he should not be held in contempt.

## III.   PROCEDURAL BACKGROUND

### a. Faham's Motion for Summary Judgment and Sanctions

On February 5, 2021, COKeM applied for entry of default against MSI on counts I-IV. (Appl. for Entry of Default Against MSI, Feb. 5, 2021, Docket No. 67.) The Clerk of Court entered default as to MSI on February 10, 2021. (Clerk's Entry of Default, Feb. 10, 2021, Docket No. 70.) On February 19, 2021, COKeM moved for default judgment against MSI. (Mot. Default J., Feb. 19, 2021, Docket No. 71.) The Court granted COKeM's request on May 21, 2021, and entered judgment in favor of COKeM, and against MSI, in

the amount of $807,547.00.[1] (Order Granting Mot. Default J., May 21, 2021, Docket No.

93.) Faham then filed the pending Motion for Summary Judgment and Motion for Rule

11 Sanctions on October 22, 2021. (Def. Faham's Mot. Summ. J., Oct. 22, 2021, Docket

No. 129; Def. Faham's Mot. Sanctions, Oct. 22, 2021, Docket No. 128.)

**b. COKeM's Motion for an Order to Show Cause**

COKeM filed its Motion for an Order to Show Cause and also asked for sanctions

to be imposed against Sutton and for fees related to its previous Motion to Compel and

the current Motion for Order to Show Cause. The Magistrate Judge granted COKeM's

motion, directed Sutton to appear before the Court to explain why he should not be held

in contempt, and also approved attorneys' fees and costs related to COKeM's Motion to

Compel. (Show Cause Order; Order on Fees, Sept. 13, 2021, Docket No. 118.) The

Magistrate Judge did not rule on whether Sutton was in contempt or on the issue of

sanctions and fees for the Motion for an Order to Show Cause. (Show Cause Order at 2-

4, 9-12.)

---

[1] To date, COKeM has not collected any amount of the judgment. (Decl. of Gerald
H. Fornwald ¶ 2, Nov. 12, 2021, Docket No. 141.)

**DISCUSSION**

I.     **FAHAM'S MOTION FOR SUMMARY JUDGMENT**

    **A.     Standard of Review**

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the action, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

    **B.     Analysis**

The entry of default against MSI and the relationship between the contract damages and fraud damages are the crux of Faham's motions. Specifically, Faham argues that because the $191,171 that COKeM is seeking as damages against him under the fraud claim is a subset of the total $807,547 COKeM was awarded under the contract

claims in the default judgment against MSI, COKeM is seeking to recover a  duplicative award.  Faham therefore argues that he is entitled to summary judgment because COKeM has not alleged that the damages from the fraud claim are distinct from the contract damages already awarded in the default judgment.

Faham is correct that COKeM has pled that the fraud damages are a subset of the contract damages awarded in the default judgment and that Minnesota law prohibits double recovery for the same harm from a single defendant under both tort and contract theories.  *Specialized Tours, Inc. v. Hagen*, 392 N.W.2d 520, 533 (Minn.1986) (noting that evidence supported defendant's liability under contract and fraud claims, but that double recovery from the same defendant for the same harm is not allowed).  However, the fact that COKeM has pled that its fraud damages are a subset of its contract damages is insufficient alone to entitle Faham to summary judgment.

Minnesota courts use the "independent-duty" rule when analyzing the relationship between parallel breach of contract and tort claims.  An independent tort exists if there is a "breach of duty which is distinct from the breach of contract."  *Hanks v. Hubbard Broad., Inc*., 493 N.W.2d 302, 308 (Minn. Ct. App. 1992).  "The test is whether a relationship would exist which would give rise to the legal duty without enforcement of the contract promise itself."  *Id*.

Applying the independent duty rule to the facts before the Court, COKeM has sufficiently distinguished the basis for its tort and contract damages.  Most importantly,

COKeM has never argued that Faham is a party to any of the agreements at issue. Therefore, enforcement of the agreements' promises are irrelevant here because they could not be enforced as to Faham. Put another way, COKeM's breach of contract claims are based upon contractual duties and obligations owed by MSI to COKeM. Conversely, COKeM's fraud claim against Faham is not predicated upon any contractual duties or obligations and independently arises from allegedly fraudulent statements and representations made by Faham on which COKeM relied in making additional payments that it was not obligated to make. In short, Faham cannot be relieved from potential liability for his independent allegedly tortious conduct simply because the potential damages might overlap his employer's contractual liability. *See Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 895 (D. Minn. 2013) (noting that employees are not relieved from liability for their tortious conduct simply because their employer may also be liable). Potential double recovery issues are best addressed later in the litigation.

Accordingly, the Court will deny Faham's Motion for Summary Judgment because COKeM's tort and contract damages satisfy the independent duty test.[2]

---

[2] Ultimately, COKeM cannot collect a double recovery on both theories from both defendants. However, a default judgment against MSI without a subsequent recovery simply is not enough to relieve Faham of his potential liability under Count V.

## II.   MOTION FOR RULE 11 SANCTIONS

Faham also asks the Court to grant sanctions under Rule 11 and award him his fees and costs incurred in connection with bringing his Motion for Summary Judgment and any further dispositive motions related to COKeM's fraud claims.

Pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, attorneys certify that pleading, motions, and papers are not being presented for improper purposes and that the claims and legal assertions contained therein are warranted by existing law. Fed. R. Civ. P. 11(b).  Sanctions may be imposed if the court determines that Rule 11(b) has been violated.  Fed. R. Civ. P. 11(c).

For the same reasons the Court denied Faham's summary judgment motion, COKeM's claim is not frivolous or unwarranted by existing law.  Therefore, the Court will not order sanctions under Rule 11 because it cannot conclude that counsel violated Rule 11(b).

## III.   MOTION TO SHOW CAUSE AND FOR RULE 37 SANCTIONS

### a.  Sutton's failure to show cause

"One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chicago Truck Drivers Union Pension Fund v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000).  "A party seeking civil contempt bears the initial burden

of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." *Id.* at 505.

If the moving party satisfies its initial burden, the burden shifts to the alleged contemnor to show inability to comply. *Id.* To meet this burden, the alleged contemnor must do more than simply assert a present inability and must instead establish: "(1) that they were unable to comply, explaining why categorically and in detail; (2) that their inability to comply was not self-induced; and (3) that they made in good faith all reasonable efforts to comply." *Id.* at 506 (citations and internal quotation marks omitted).

COKeM was able to demonstrate that Sutton repeatedly violated the Court's discovery orders. A hearing was held to enable Sutton to explain his failures to adhere to the Court's orders, but Sutton did not appear. As a result, Sutton has not made a showing for why he is unable to comply with the orders.

**b. COKeM's requested relief**

"Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Id.* at 505. In addition, where a party fails to obey a discovery order, Federal Rule of Civil Procedure 37 also permits the Court to issue sanctions against the party. Fed. R. Civ. P. 37(b)(2).

COKeM requests its costs and fees incurred in bringing this motion and also asks the Court to impose a sanction of $100 a day for Sutton's past non-compliance and $200 a day for any future non-compliance.  COKeM also asks that the Court prohibit Sutton from relying on any affirmative defenses or introducing evidence which Sutton does not disclose or support through document production and complete discovery responses.

The Court will award COKeM its reasonable fees and costs incurred in bringing this motion.  *See Jake's, Ltd. v. City of Coates*, 356 F.3d 896, 900 (8th Cir. 2004) ("[A]n award of reasonable attorney's fees and expenses incurred by [the aggrieved party] in seeking to enforce the decree is a form of compensatory relief that is well within a district court's remedial discretion in civil contempt proceedings.").  Because of Sutton's violations of the Court's orders, the Court deems it appropriate to compensate COKeM for the reasonable fees and costs it has incurred.

The Court will decline to award sanctions to ensure compliance at this time.  In awarding a sanction for compliance,

> [t]he court should determine the amount of the sanction only after considering the character and magnitude of the harm threatened by continued contumacy, the probable effectiveness of any suggested sanction in bringing about the result desired, and the amount of the contemnor's financial resources and the consequent seriousness of the burden to that particular party.

*Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1224 (8th Cir. 2006) (cleaned up).  Given that COKeM has previously acknowledged that Sutton has indicated he is insolvent,

the probable effectiveness of any monetary sanction is questionable and the Court finds that sanctions are unnecessary to ensure compliance at this time. However, if Sutton continues to violate this Court's orders and a subsequent motion is filed, the Court is likely to award sanctions to ensure compliance.

Finally, the Court will address COKeM's request to prohibit Sutton from introducing evidence or relying on defenses not disclosed in proper responses to its discovery requests. After careful consideration the Court concludes that an order prohibiting Sutton from relying on any evidence or defenses he fails to disclose is an appropriate sanction.

As with the decision whether to impose sanctions, the choice of sanction imposed is within this Court's discretion. *Murphy by Murphy v. Piper*, No. 16-2623, 2018 WL 2278107, at *3 (D. Minn. May 18, 2018). There is also a strong policy favoring resolving cases on their merits even when a party violates discovery rules. *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1020 (8th Cir. 1999). However, Sutton cannot unilaterally choose when to obey the Court's discovery orders and control how he participates in discovery in the litigation against him. COKeM has made good-faith efforts to progress discovery in this case. Meanwhile, Sutton has continually failed to adhere to his discovery obligations or explain his failures to the Court. It would be unfairly prejudicial to COKeM to allow Sutton to rely on defenses or evidence that COKeM has repeatedly asked Sutton to disclose and produce. Lesser sanctions would not adequately address Sutton's behavior. Accordingly,

the Court will order Sutton to respond to COKeM's outstanding discovery requests within thirty (30) days of this Order and will prohibit him from relying on any affirmative defenses or introducing evidence that are not disclosed in or supported by his responses.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Defendant Faham's Motion for Rule 11 Sanctions [Docket No. 128] is **DENIED**;

2.    Defendant Faham's Motion for Summary Judgment [Docket No. 129] is **DENIED**;

3.    Plaintiff COKeM's Motion to Show Cause [Docket No. 109] is **GRANTED in part** and **DENIED in part**:

   a.   Defendant Sutton is held in civil contempt;

   b.   Plaintiff's request for a penalty of $100 a day for past noncompliance and $200 per day for future noncompliance with the Court's orders against Defendant Sutton is **DENIED without prejudice**;

   c.   Plaintiff's request for Defendant Sutton to pay Plaintiff's costs and fees incurred in bringing this motion is **GRANTED**, in an amount to be determined by the Court.  Plaintiff is ordered to submit its reasonable

costs and fees incurred in bringing this motion to the Court within thirty (30) days.

d. Plaintiff's request to prohibit Defendant Sutton from relying on undisclosed defenses or evidence not produced is **GRANTED**. Defendant Sutton shall have thirty (30) days to respond to Plaintiff's outstanding discovery requests and will be prohibited from relying on anything not disclosed in his responses. Failure to comply with this order will result in sanctions.

DATED:  June 6, 2022
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
Chief Judge
United States District Court

-16-