UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| COKeM INTERNATIONAL, LTD, | |
| Plaintiff, | Civil No. 19-3114 (JRT/DJF) |
| v. | |
| MSI ENTERTAINMENT, LLC; MORRIS SUTTON; and JOSEPH FAHAM, | MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT JOSEPH FAHAM'S MOTION FOR SUMMARY JUDGMENT |
| Defendants. | |

Gerald H. Fornwald, Matthew C. Robinson, and Peter G. Economou, **WINTHROP & WEINSTINE, PA**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402, for Plaintiff.

Aaron R. Thom and Samantha Ellingson, **THOM ELLINGSON, PLLP**, 45 South Seventh Street, Suite 2610, Minneapolis, MN 55402, for Defendant Joseph Faham.

Plaintiff COKeM International, LTD ("COKeM") worked with Defendant MSI Entertainment, LLC ("MSI"), its owner Morris Sutton and its employee Joseph Faham for roughly two years. When the relationship soured, COKeM initiated this action to recover damages primarily from MSI but also alleging fraud by Sutton and Faham. The only claim at issue in this Order is the fraud claim against Faham. Because the one pled misrepresentation fails as a matter of law, the Court will grant Faham's Motion for Summary Judgment.

**BACKGROUND**

I.   **FACTS**

COKeM contracted with MSI as a reseller for nearly two years. (Notice of Removal, Ex. A ("Compl.") ¶¶ 8–9, 35, Dec. 18, 2019, Docket No. 1.) The parties agreed to a Distribution Agreement in August 2016, which they amended several times to add profit sharing and alter specific product agreements. (*Id.* ¶¶ 9–22.)

COKeM and MSI modified a specific product agreement for various TV video games scheduled for delivery in 2018 ("2018 Orders").[1] (*Id.* ¶ 23.) The 2018 Orders agreement included an initial payment of 30%, $81,931, followed by the remaining 70%, $191,171, to ensure complete delivery. (Decl. Charles Bond ("Bond Decl.") ¶¶ 4–5, 13, Aug. 7, 2023, Docket No. 164.) MSI coordinated delivery of the 2018 Orders through Faham and other MSI employees. (*Id.* ¶¶ 3, 5–7, 12, 14, Exs. A–B, G–H.)

After the initial payment, COKeM alleges Defendants made "repeated representations" in March and April 2018 to indicate the 2018 Orders were ready to be fulfilled. (Compl. ¶ 25.) Specifically, Faham is accused of forwarding an email, he knew or should have known to be false on March 28, 2018, providing a delivery schedule to COKeM. (Bond Decl. ¶ 6, Ex. A; Decl. Joseph Faham, Ex. 1, July 17, 2023, Docket No. 162; Compl. ¶¶ 26–27.) COKeM alleges he also indicated on "multiple occasions" that the

---

[1] The Complaint references other specific amendments but only the 2018 Orders are relevant to COKeM's fraud claims against Faham. Thus, the Court will so limits its factual history.

-2-

2018 Orders were ready for shipment and would be dispatched upon payment by COKeM. (Bond Decl. ¶ 12, Ex. G; Compl. ¶¶ 26–27.) COKeM makes additional general allegations about MSI and Sutton's misrepresentations. (Compl. ¶¶ 28–30.)

COKeM claims that the Defendants knew or should have known at the time of the misrepresentations that the 2018 Orders would not arrive in time or in full and that the Defendants used these misrepresentations to induce COKeM into sending the remaining 70% payment to MSI. (*Id.* ¶¶ 31–33.)

After numerous disputes, the parties terminated their business relationship and MSI acknowledged that it owed COKeM money. (*Id.* ¶¶ 35–36.) COKeM had not received any payment from MSI as of June 2022. (*Id.* ¶ 40; Mem. Op. & Order at 7 n.1, June 6, 2022, Docket No. 146.) COKeM requests $191,171 plus interest, costs, disbursements, and reasonable attorneys' fees and costs in damages on its fraud claim against Faham. (Compl. ¶¶ 33–34, 70.)

II. **PROCEDURAL HISTORY**

COKeM's initial Complaint against MSI, Sutton, and Faham contained five counts: (1) breach of contract against MSI; (2) accounts stated and unpaid against MSI; (3) unjust enrichment against MSI; (4) conversion against MSI; and (5) fraud against all Defendants. (*Id.* ¶¶ 41–70.) The Court issued default judgment against MSI requiring payment of all outstanding debt and dismissing MSI's counterclaims. (Order Awarding Default J. at 2, May 21, 2021, Docket No. 93.) COKeM proceeded in its suit against Sutton and Faham. The claims against Sutton are stalled as he has passed away and his estate is refusing to

appoint a representative. (Letter to District Judge by COKeM at 1–2, May 1, 2023, Docket No. 156.) Meanwhile, the Court advised the remaining parties, COKeM and Faham, that they should submit any additional motions. (Order in Response to Letters, June 20, 2023, Docket No. 158.) Faham then filed a motion for summary judgment.[2] (Mot. Summ. J., July 17, 2023, Docket No. 159.)

## DISCUSSION

### I. STANDARD OF REVIEW

Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party may not rest on mere allegations or denials but must show, through the presentation of admissible evidence, that specific facts exist creating a genuine issue for trial. *Anderson*, 477 U.S. at 256 (discussing Fed. R.

---

[2] The Court previously denied Faham's motion for summary judgment based on an independent duty theory. (Mem. Op. & Order at 9–10, June 6, 2022, Docket No. 146.) None of the arguments in this briefing are foreclosed by the Court's previous order.

Civ. P. 56(e)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

## II. FRAUD CLAIMS

The only claim at issue in this motion is COKeM's fraud claim against Joseph Faham. Federal Rule of Civil Procedure 9(b) governs fraud pleadings in federal court. Under Rule 9(b)'s particularity requirement, Plaintiffs must allege "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002) (quoting *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001)). Essentially, Plaintiffs must plead the "who, what, where, when, and how" of the alleged fraud. *United States ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir. 2006) (citing *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003)).

Rule 9(b)'s particularity requirement "demands a higher degree of notice than that required for other claims" so that a defendant can "respond specifically and quickly to the potentially damaging allegations." *Costner*, 317 F.3d at 888. "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Schaller Tel. Co.*, 298 F.3d at 746 (quoting *Commercial Prop. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995)) (alteration in original). The heightened pleading standard is mandatory, any challenges need not be raised as an affirmative defense, and

the court can address the pleadings sua sponte. *Hennessey v. Gap, Inc.*, No. 19-1867, 2022 WL 4447399, at *3 (E.D. Mo. Sept. 23, 2022), *aff'd*, 86 F.4th 823 (8th Cir. 2023).

### A. Fraud by Omission

Fraud by omission is a viable claim under Minnesota Law, but COKeM did not include this theory in its Complaint. A party may not assert new claims for the first time in response to a motion for summary judgment. *Rodgers v. City of Des Moines*, 435 F.3d 904, 909–10 (8th Cir. 2006); *Wickner v. McComb*, No. 9-1220, 2010 WL 3385079, at *12 (D. Minn. July 27, 2010), *adopted*, No. 09-1220, 2010 WL 3385082. Because COKeM raised fraud by omission for the first time in its responsive summary judgment briefing, the Court will grant Faham's Motion for Summary Judgment on COKeM's fraud by omission claim.

### B. Negligent/Fraudulent Misrepresentation

There is at least one adequately plead negligent/fraudulent misrepresentation claim[3] stemming from the March 28, 2018 email. However, one instance of adequate pleading does not automatically allow a case to proceed. Rather the Court must evaluate whether other misrepresentations missing from the Complaint can be used in support of

---

[3] COKeM's Complaint pleads fraud generally but the terminology "should have known" indicates an intent to plead negligent misrepresentation as well as fraudulent misrepresentation. The parties focus on the fraudulent misrepresentation claim, without mention of negligent misrepresentation. Thus the Court will also focus on fraudulent misrepresentation. Even so, the only difference between negligent and fraudulent misrepresentation claims is the state of mind. *Cox v. Mortg. Elec. Registration Sys. Inc.*, 685 F.3d 663, 672–73 (8th Cir. 2012). Because the Court's analysis here does not turn on state of mind, the analysis of fraudulent misrepresentation applies equally to a negligent misrepresentation claim.

the fraud claim and if not, if the March 28 email independently survives summary judgment.

### 1. Additional Representations

COKeM's Complaint contains only one specific communication attributed to Faham—the March 28, 2018 email—preceded by vague allegations of other communications between March and April of 2018 relating to the 2018 Orders. In its briefing, COKeM claims the March 28 email was pled as a representative example and that the other more general statements logically encompassed additional communications from Faham.

Because these additional communications are not described in the Complaint, the Court must determine if, notwithstanding their absence, the Complaint as pled provided sufficient notice to Faham. The heightened pleading standard must be read in harmony with Federal Rule of Civil Procedure 8(a)'s notice requirements. *Select Comfort Corp. v. Sleep Better Store, LLC*, 796 F. Supp. 2d 981, 984 (D. Minn. 2011). The heightened pleading standard does not require a party to plead the particulars of every instance of fraud, but they must plead a representative example such that the accused can adequately respond. *Joshi*, 441 F.3d at 556–57; *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 898 (D. Minn. 2013). A complaint is sufficiently detailed if it informs the defendant of the "core factual basis for the fraud claims." *Ransom*, 918 F. Supp. 2d at 898 (quotation omitted). Notice is evaluated from the entire complaint, not just specific accusations, and takes into consideration the nature of the case and the relationship of the parties. *CPI Card Grp.,*

*Inc. v. Dwyer*, 294 F. Supp. 3d 791, 820 (D. Minn. 2018); *In re Mirapex Prods. Liab. Litig.*, 246 F.R.D. 668, 672 (D. Minn. 2007).

By including only the March 28 email in the Complaint, COKeM asks Faham to infer many other details of his alleged wrongdoing. That is insufficient. For instance, the Complaint suggests that all the fraudulent communications took place in March and April; then in its briefing, COKeM expands that timeframe to include May and June. The Complaint references multiple MSI employees, confusing which communications can be attributed to whom. The Complaint does not describe any specific fraudulent communications actually drafted by Faham. It only describes content created by a third party and forwarded by Faham. And while the delivery schedule attached to the March 28 email references dates of delivery, it does not address payments at all. It is difficult to imagine how Faham would have been on notice that now alleged, though originally unpled, requests for payment would serve as the basis for a fraud claim. Because the communication in the Complaint differs in significant respects to the other fraud allegations—notably the who, what, and when—it does not provide a representative example such that Faham had adequate notice as to the core basis for the fraud claim.

It is not impossible that Faham could have divined the scope of the fraud accusations, but the onus is on COKeM to plead these facts with sufficient particularity such that Faham had adequate notice. Because the Court finds that the one misrepresentation insufficiently pleads a representative example of the alleged fraud, the

Court will exclude the communications not alleged in the Complaint as the basis for COKeM's fraud claim.

### 2.     March 28, 2018 Email

The only properly pled potential misrepresentation is the March 28, 2018 email. The Complaint does detail the who, what, where, when, and how of this communication. But this email on its own fails as a matter of law for two reasons. First, the only representation included in the email is that of future assurances, not a present or past fact. Second, a third party prepared the email and Faham merely forwarded it to COKeM.

Generally, a fraud claim must be based in a misrepresentation of a past or present fact. The first prong of a fraud claim requires that "there was a false representation by a party of a past or existing material fact susceptible of knowledge." *Trooien v. Mansour*, 608 F.3d 1020, 1028 (8th Cir. 2010) (quoting *Hoyt Properties, Inc. v. Prod. Res. Grp., L.L.C.*, 736 N.W.2d 313, 318 (Minn. 2007)). "[A] representation or expectation as to future acts is not a sufficient basis to support an action for fraud merely because the represented act or event did not take place." *Exeter Bancorp., Inc. v. Kemper Secs. Grp., Inc.*, 58 F.3d 1306, 1312 (8th Cir. 1995) (quoting *Vandeputte v. Soderholm*, 216 N.W.2d 144, 147 (1974)). A future assurance can be a basis for fraud only when there is affirmative evidence that the

party who made the assurance never intended to fulfill it.[4] *Vandeputte*, 216 N.W.2d at 147.

Because the delivery schedule Faham sent to COKeM clearly represented a future assurance, COKeM would need to present affirmative evidence that at the time the email was sent, Faham and MSI never intended to comply with the schedule. But the first two deliveries were completed. It is unlikely that someone intending to never comply would then partially comply. COKeM supports its contention that Faham and MSI never intended to comply with the shipping schedule by citing unpled communications and the short time frame between the email and when shipments ceased. Both arguments present evidence that at some point after the March 28 email was sent, something went wrong. But neither is affirmative evidence that at the time the March 28 email was sent, Faham and MSI never intended to comply. COKeM cannot sustain its fraud claim with a failed business deal.

Forwarding information from a third party raises the defense of honest belief that the information was true. The second element of fraudulent representation is that the misrepresentation is "made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false."[5] *Trooien*,

---

[4] Courts apply the same analysis to future assurances under a negligent misrepresentation theory. *Igbanugo v. Cangemi*, No. A10-2002, 2011 WL 2519205, at *4 (Minn. Ct. App. June 27, 2011).

[5] The corresponding element of negligent misrepresentation states that the defendant failed "to exercise reasonable care in communicating the information." *Williams v. Smith*, 820

608 F.3d at 1028 (quotation omitted).  Bad faith is not required for a finding of fraudulent misrepresentation, but an honest belief that the representation is true does not necessarily absolve one of liability.  *Florenzano v. Olson*, 387 N.W.2d 168, 173–74 (Minn. 1986).  If the speaker honestly believes something that is "completely improbable," liability may be imposed.  *Id.*  Liability may also be imposed when a speaker claims a statement as his own or vouches for its accuracy.  *Fidelity & Deposit Co. of Md. v. Drovers' State Bank*, 15 F.2d 306, 309 (8th Cir. 1926).  A speaker can be protected by identifying the source such that it is clearly coming from another party and not of their own knowledge.  *Schlechter v. Felton*, 158 N.W. 813, 815 (Minn. 1916).[6]

Faham took the information directly from the third party, identified his source, and provided it to COKeM.  *Taylor Inv. Corp. v. Weil*, 169 F. Supp. 2d 1046, 1063 (D. Minn. 2001) (describing that transmitting information prepared entirely by a third party negated the knowledge prong).  Faham could still be held liable if the information was "completely improbable," *Florenzano*, 387 N.W.2d at 174, but the arrival of two of the deliveries indicates that the schedule itself was not so improbable as to impute liability to Faham.

---

N.W.2d 807, 815 (Minn. 2012).  COKeM presents no information suggesting the Faham failed to exercise reasonable care when he forwarded the email.

[6] *Cf. Great N. Ins. Co. v. Amazon.com, Inc.*, 524 F. Supp. 3d 852, 859 (N.D. Ill. 2021) (declining to find Amazon responsible for product description written by a third party and provided to Amazon); *Reeves v. Keesler*, 921 S.W.2d 16, 20 (W.D. Mo. 1996) (dismissing claim against real-estate agent because it just delivered the alleged misrepresentation prepared by a third party).

Because the March 28, 2018 email alone is insufficient for COKeM's fraud claim to proceed, the Court will grant Faham's Motion for Summary Judgment.

## CONCLUSION

COKeM and MSI engaged in a business deal that ended poorly. COKeM has a judgment against MSI but still seeks damages for alleged fraud perpetuated by Faham. COKeM failed, however, to adequate plead or support its fraud allegations. First, COKeM brought a fraud by omission claim for the first time in its responsive summary judgment briefing. Second, COKeM only pled one nonrepresentative example of a misrepresentation, which itself had two fatal flaws. It relied entirely on future assurances with no affirmative evidence that Faham never intended to comply. It also included only information procured by a third party. Faham disclosed his source and did not claim the information as his own allowing for an honest belief defense. Because of these deficiencies, the Court will grant Faham's Motion for Summary Judgment.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Joseph Faham's Motion for Summary Judgment [Docket No. 159] is **GRANTED**.

DATED:  March 25, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge